United States District Court
For the Northern District of California

1
2
3
4
5
6
7    IN THE UNITED STATES DISTRICT COURT
8    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   IVAN GARCIA OLIVER,            )   No. C 09-0977 MMC (PR)
                                    )
11         Plaintiff,               )   **ORDER OF DISMISSAL**
                                    )
12     v.                           )
                                    )
13   STATE OF CALIFORNIA, et al.,   )
                                    )
14         Defendants.              )
     _____)
15

On March 6, 2009, plaintiff, a California prisoner incarcerated at the Lake County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
2  elements: (1) that a right secured by the Constitution or laws of the United States was
3  violated, and (2) that the alleged violation was committed by a person acting under the color
4  of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff claims his constitutional rights were violated at the Lake County Jail when: he was placed in a "sobering cell" without access to basic necessities such as food and water; he was assaulted, shackled and "shocked" numerous times by sheriff's deputies; he was not provided with adequate medical care; he was forcibly taken to the hospital to have blood drawn; he was falsely identified as a gang member and placed in administrative segregation; he was falsely charged with possession of a weapon. (Compl. at 3-III.)

Plaintiff seeks monetary damages and release from custody or placement in minimum custody housing.

C.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under § 1997(e)(a) is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be

1 dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the
2 complaint and/or any attached exhibits.  See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th
3 Cir. 2003).  The court may dismiss a complaint for failure to exhaust where the prisoner
4 "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

5   The California Code of Regulations provides that each administrator of a local
6 detention facility shall implement an administrative appeals process for the resolution of
7 inmate grievances "relating to any conditions of confinement, included [sic] but not limited
8 to: medical care; classification actions; disciplinary actions; program participation; telephone,
9 mail, and visiting procedures; and food, clothing, and bedding." Cal. Code. Regs. tit. 15 §
10 1073(a).  The administrative appeals process shall include: a grievance form or instructions
11 for registering a grievance, resolution of the grievance at the lowest appropriate staff level,
12 appeal to the next level of review, written reasons for denial of the grievance, provisions for
13 response to the grievance within a reasonable time limit, and provisions for resolving
14 questions of jurisdiction within the facility.  Id. § 1073(a)(1)-(5).

15   In the complaint filed herein, plaintiff concedes there is a grievance procedure at the
16 Lake County Jail and that he did not present the facts in his complaint for review through that
17 procedure. (Compl. at 1-I.B & I.C.)  He states he did not do so because: "Jail fails to comply
18 with procedures" (id. at I.B); "Staff/administration do not properly exercise administrative
19 grievances" (id. at I.C); and "[his] claim would not reach the proper authority level therefore
20 obstructing and injuring the claim/grievance process" (Id. at 2-I.F).  Plaintiff's conclusory
21 assertions are insufficient to establish an exception to the exhaustion requirement.  Moreover,
22 plaintiff concedes he has not even attempted to have his claims reviewed by way of the jail's
23 administrative appeals process, and he has alleged no facts that show he cannot exhaust the
24 administrative remedies available to him.  Consequently, the Court finds no exception to the
25 exhaustion requirement applies to plaintiff's claims.

26   Section 42 U.S.C. § 1997e(a) requires a prisoner-plaintiff to present his claims to each
27 available level of administrative review before raising those claims in a § 1983 complaint in
28 federal court.  As it is clear from the complaint that plaintiff has not pursued any of the levels

3

of administrative review available to him, and there is no applicable exception to the exhaustion requirement, dismissal of the complaint without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claims in a new action after all available administrative remedies have been exhausted.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 28, 2009

_____
MAXINE M. CHESNEY
United States District Judge